956 A.2d 345

IN THE MATTER OF HENRY DEREK EDLEY, A/K/A
H. DEREK EDLEY, AN ATTORNEY AT LAW.

September 17, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–115, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **HENRY DEREK ED-LEY, a/k/a H. DEREK EDLEY, of JERSEY CITY,** who was admitted to the bar of this State in 1978, should be suspended from the practice of law for a period of three months, based on respondent's guilty plea in the Superior Court of New Jersey to third-degree criminal restraint, in violation of *N.J.S.A.* 2C:13–2(a), conduct that violates *RPC* 8.4(b) (commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to provide proof of his fitness to practice law and to continue to attend Alcoholics Anonymous meetings;

And good cause appearing;

It is ORDERED that **HENRY DEREK EDLEY, a/k/a H. DEREK EDLEY** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective October 16, 2008; and it is further

It is ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics and respondent shall continue to attend Alcoholics Anonymous meetings and submit satisfactory proof thereof to the Office of Attorney Ethics on a schedule to be approved by the Office of Attorney Ethics and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.